Richardson, Oh. J.,
delivered the opinion of the court:
Ordinarily a motion for a new trial on account of newly discovered evidence is allowed upon affidavits; and a prima facie case only is required to be made out that upon another trial the court might reach a different conclusion. This case presents some exceptional features.
■November 4, 1889, the court filed a finding of facts, having previously found that claimant was loyal to the G-overnment of the United States throughout the late war for the suppression of the rebellion, on a preliminary inquiry as required by the statute. The said findings were reported to Congress.
March 3, 1891, Congress passed “ an act for the allowance of certain claims for stores and supplies taken and used by the U. S. Army, as reported by the Court of Claims under the provisions of the act of March 3, 1883, known as the ; Bowman Act’” (26 Stat. L., 1445), in which, among numerous others, was the following:
“To Joseph Gran than, of Clarke County, Va., one thousand eight hundred and eighty-five dollars (26 Stat. L., 1449).”
The appropriations were prefaced by the following provision :
“Provided, however, That no one of the claims hereiuafter mentioned, and contingently appropriated for, shall be paid until the Attorney-General shall have certified to the Secretary of the Treasury that he has caused to be examined the evidence heretofore presented to the Court of Claims in support of said claim, and such other pertinent evidence as he shall be able to procure, bearing upon the loyalty of the claimant or claimants, and upon the merits and justice of the-claim, and finds upon such evidence no grounds sufficient, in his opinion, to support a motion for a new trial in said case, or until there shall have been filed with said Secretary a duly certified transcript of the.proceedings of the Court of Claims *530 denying a motion made by the Attorney-General for a new trial in any one of tbe claims herein mentioned.
“The Attorney-Gen eral is hereby directed to cause such examination to be made within nine months from the passage of this act, and to ma.ke within said period motions for a new trial in all cases in which there shall be, in his opinion, sufficient ground therefor.”
September 6, 1891, within nine months from the passage of said act, the Attorney-General filed his motion for a new trial,, on the ground that evidence had been found in the form of vouchers by the claimant that during the war he had furnished supplies to the enemies of the Government, and was therefore disloyal and should be so found.
January 14, 1893, the Attorney-General filed a motion for leave to amend his former motion for a new trial on loyalty “that the same may also include a further consideration of the merits of the claim,” on the ground that the court had allowed in the findings for two horses taken by and for the use of the' Army, as to which newly discovered evidence tended to show the fact to be otherwise. The motion was made after the nine-months allowed the Attorney-General by the proviso above set out in said act of March 3, 1891, had expired. The court granted the motion.
February 0, 1893, the motion for a new trial was allowed by. the court, and motions to reconsider such allowance were subsequently overruled.
November 21, 1893, the claimant filed the following motion:
“And now comes P. E. Dye, attorney for the claimant, and F. P. Dewees, of counsel, and moves that order directing a new trial in the above case be vacated and the motion for a new trial disallowed.
“Seasons:
“An appropriation has been made by Congress in accordance with the findings of fact made by this court.
“The evidence on both sides is all in and the case is ready for final hearing.
“If upon the evidence as now presented the court should find that it is justified in the findings of fact, already made, it would be a wrong to claimant to deprive him of the benefit of' such appropriation.
“The claimant agrees, that if upon the argument of this motion the court should find him disloyal, the case may be dismissed for that reason.
“ The claimant agrees that if after the court should determine' that any sum should be deducted from the amount originally *531 found, then be will remit sueb sum, tbe court to overrule tbe motion for a new trial.
“If tbe court shall determine that no amount is due claimant tben, after bearing, tbis motion to vacate order to be disallowed, and tbe court to render tbeir decision as upon an argument on a new trial.”
Tbis motion and tbe whole case on loyalty and merits were thoroughly argued and considered anew on both sides without objection.
Tbe vouchers relied upon by defendants were brought from tbe Confederate archives in tbe Treasury Department and carefully examined by all the judges. Tbe court was satisfied that tbe signatures to tbe vouchers were not those of tbe claimant.
As to tbe two horses allowed for in tbe findings of fact tbe court was folly convinced that they bad been taken from tbe claimant as alleged in bis petition, and that no error bad been committed.
It appearing, therefore, that if a new trial were granted tbe court would reach tbe same result and would make tbe same finding of facts as before, it is ordered that tbe entry of February 6, 1893, allowing tbe motion of tbe Attorney-General for a new trial be vacated and set aside and that tbe motion be overruled.